IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0054 (02) |
| | § | |
| TOBY DEAN WEATHERLY | § | |

**REPORT AND RECOMMENDATION TO DENY,
IN PART, DEFENDANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Defendant TOBY DEAN WEATHERLY has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the motion to vacate, set aside or correct sentence be DENIED IN PART.

I.
FACTS AND PROCEDURAL HISTORY

On June 2, 2003, pursuant to a plea agreement, defendant WEATHERLY pleaded guilty to Count 2 of a five count indictment, the offense being a felon in possession of a firearm in violation of 18 U.S.C. §922 (g)(1).[1] On August 12, 2003, WEATHERLY was sentenced to a term of 78 months with a three (3) year supervised release term, and a special assessment of $100.00. Defendant WEATHERLY did not directly appeal his sentence.

On August 12, 2004, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On September 27, 2004,

---

[1] As part of the plea agreement, the government agreed to dismiss the remaining counts after sentencing.

the government filed a response in opposition to defendant's motion to vacate. On October 29, 2004, defendant WEATHERLY filed a reply to the government's response.

II.
DEFENDANT'S ALLEGATIONS

Defendant WEATHERLY raises the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. His conviction and sentence were obtained in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000);

2. The sentencing guidelines were misapplied; and

3. He received ineffective assistance of counsel.

III.
WEATHERLY'S FIRST AND SECOND
ALLEGATIONS ARE PROCEDURALLY BARRED

Defendant WEATHERLY's allegations that he was sentenced in violation of *Apprendi v. New Jersey* and that the sentencing guidelines were misapplied were not raised on direct appeal, and defendant presents them for the first time in this section 2255 motion. The government maintains defendant has raised this issue for the first time without establishing cause and prejudice to excuse his failure to raise such issues on direct appeal.

Following a conviction and the exhaustion of or waiver of the right to a direct appeal, a defendant is presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, a § 2255 review of a conviction is ordinarily limited to questions of a constitutional or jurisdictional magnitude. These issues **may not** be raised for the first time on collateral review

if they were not raised on direct appeal, without a showing of cause and prejudice. Other types of error, non-constitutional or non-jurisdictional, may not be raised in a § 2255 motion to vacate unless the defendant is able to demonstrate the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998). Claims of ineffective assistance of counsel are ordinarily not presented on direct appeal, but instead are presented in a § 2255 motion. *United States v. Brewster*,137 F.3d 853, 859 (5th Cir. 1998).

Consequently, defendant WEATHERLY's first two claims presented in this § 2255 motion to vacate, are not cognizable because WEATHERLY did not raise such issues on direct appeal and has failed to show adequate cause for his failure to raise the issue on direct appeal.

IV.
INEFFECTIVE ASSISTANCE OF COUNSEL

In his ineffective assistance of counsel claims, defendant argues counsel was ineffective for failing to object to improper sentence enhancements, for telling defendant the maximum sentence he would receive would be forty-one (41) months[2], and for failing to file an appeal.

In order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, defendant must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also*

---

[2]This claim is not raised in defendant's enumerated claims but is found in the declaration attached to defendant's motion to vacate. The Court has construed defendant's motion liberally, as the government has done, and has therefore included this claim.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law.  *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that his attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct.  *Id*. at 688-690.  As for the issue of prejudice, defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice.  *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A habeas defendant claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983), quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981).  Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers.  *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980).  A strategy is not proven wrong because, if as is the usual circumstance, a guilty person is convicted.  *Cockrell* at 1429;  *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high

degree of deference. *Strickland*, 466 U.S. at 692.  A defendant must show that counsel's deficient performance prejudiced the defense. *Id*.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.  Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).

A.
Improper Sentence Enhancements

Defendant appears to argue his August 12, 2003 sentence was improperly enhanced and violates the Constitution pursuant to the United States Supreme Court's holding in *Apprendi*. Defendant alleges counsel was ineffective for failing to object to the "enhancements."  In *Apprendi*, the Supreme Court held the Constitution requires that any fact which increases the penalty for a crime *beyond the prescribed statutory maximum*, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2362-2363.

Here, defendant WEATHERLY appears to argue he was unaware he could be enhanced based upon conduct which was the basis of counts dismissed by the government pursuant to the plea agreement and counsel should have objected to such an enhancement.  (Defendant's Petition at 7; Reply at 6).  Defendant claims his base offense level should have been 12, but was enhanced to a 22 level.  However, as argued by the government, defendant WEATHERLY has not explained how he determined his base offense level should have been 12.  The government contends the proper base offense level pursuant to USSG § 2K2.1 (a)(4)(A) is 20, as reflected in the Pre-sentence Report (PSR).  (Government's Appendix at 48, under seal).   Further, defendant received one

enhancement, pursuant to USSG § 2K2.1 (b)(1)(a), for possessing between three and seven firearms. (*Id.*). Such enhancement, however, did not increase the statutory maximum sentence which was ten years.

*Apprendi* is applicable only to cases where the penalty for the crime *exceeded the prescribed statutory maximum* due to facts other than a prior conviction. Here, defendant pled guilty to the offense of felon in possession of a firearm in violation of 18 U.S.C. §922 (g)(1). The maximum statutory punishment is ten years imprisonment and a $250,000.00 fine. The trial court assessed defendant's punishment at 78 months, a length which is clearly less than ten years and which is *under the statutory maximum*. *Apprendi* is not applicable, no *Apprendi* issue is presented, and counsel was not ineffective for failing to make a meritless *Apprendi* objection.

### B.
### Counsel's Statement

In his next claim of ineffective assistance of counsel, defendant alleges counsel represented to him that if he pled guilty, the maximum sentence he would receive would be forty-one (41) months. However, the record of the trial proceedings rebuts this claim and indicates defendant knew his sentence could not be predicted. The plea agreement set forth the maximum term of ten (10) years and stated,

> The defendant has reviewed the application of the guidelines with his attorney, but understands no one can predict with certainty what guideline range will apply in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation.
>
> ....
>
> The defendant understands that this plea agreement does not create a right to be sentenced within, or below, any particular guideline range, and fully understands that determination of the guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum), are solely in the discretion of the Court.

(Government's Response, Appendix at 2-3).

At the rearraignment hearing, held June 2, 2003, the Court questioned defendant on the voluntariness of his plea as follows:

| | |
|---|---|
| Court: | Have you read the plea agreement and the indictment and the factual resume, all of these papers in this case? |
| Defendant: | Yes, m'am, I have. |
| Court: | Do you think you understand them? |
| Defendant: | Yes, m'am. |
| Court: | All right.  If there's any question about them as we go along, well, you tell me what your question is. |
| Defendant: | Okay. |
| Court: | Has anybody sought to threaten you or try to make you plead guilty?  Have they tried in any way to force you to plead guilty? |
| Defendant: | No, m'am. |
| Court: | Has someone made a promise to you or a representation that's not included in the written plea agreement or what the Court's told you? |
| Defendant: | No, m'am. |

(Government's Response, Appendix at 14).  Further, according to defendant's counsel, defendant initially misrepresented his criminal history which led the attorney to believe defendant's criminal history category was likely a II or III.  (Government's Response, Affidavit of Don Dean, Appendix at 26).  When the Presentence Report issued, it contained a criminal history category of VI based upon numerous additional crimes not disclosed to the attorney by defendant.  (*Id.*). Counsel sent defendant a letter documenting a conversation in which the new criminal history information and sentencing were discussed, counsel reiterated that, "While there are no guarantees, I believe this [acting cooperatively] is your best chance to avoid a maximum sentence under the guidelines."  (Government's Response, Letter from Slater Elza, Appendix at 42-43).

Defendant has failed to demonstrate in his motion to vacate, that he was led to believe he would only receive a 41 month sentence if he pleaded guilty.  The court record demonstrates, supplemented by affidavits of defendant's counsel, that defendant WEATHERLY was informed

the sentence was to be determined by the Court and there were no guarantees of what that sentence would be. This claim should fail.

## C.
## Failure to Appeal

In his last claim of ineffective assistance of counsel, defendant has alleged counsel failed to file an appeal. Defendant, in his application, has stated,

> That counsel, after sentencing, instructed declarant he thought about appealing the conviction, but without explaining what could be appealed, and without allowing declarant to chose (sic), told declarant it was not worth it; that declarant did tell counsel he would like to appeal but counsel told declaration (sic) it was not worth it; counsel never explained why, except declarant could possibly receive 50 years if he won[3]; declarant held no understanding what could be appealed or that if the counsel appealed and believed it was frivolous, he could request to withdraw.

(Defendant's Declaration at 1-2).

In response to defendant's motion to vacate, the government submits, "A criminal defense attorney does not have a duty to perfect an appeal on behalf of his convicted client until the client makes it known that he wants to appeal." (Defendant's Response at 8 citing *Childs v. United States*, 995 F.2d 67, 69 (5th Cir. 1993)). The government has submitted the affidavits of defense counsel Don Dean and Slater Elza who both testified,

> In response to Paragraph 5 of the Declaration, I deny that I ever discussed "thinking about appealing the conviction," or telling Weatherly that, "it was not worth it." I deny that Weatherly ever stated that he would like to appeal. I deny ever stating that Weatherly could possibly receive 50 years in prison if he won his appeal. In fact, Weatherly never expressed any desire to appeal this case.

(Government's Response, Appendix at 27-28; 37). In his Opposition to the Government's Response, defendant asserts his right to an evidentiary hearing on this issue, citing *Walker v.*

---

[3]The Court does not understand this statement.

*Johnston*, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941).  Specifically, defendant has argued that his declaration and the affidavits of trial counsel submitted by the government create a fact issue which cannot be resolved by the Court without the benefit of an evidentiary hearing.  While *Walker* relates to an earlier version of 28 U.S.C. § 2255, the case, *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) interpreted the revised federal habeas corpus statute as issue herein.  The *Machibroda* court determined,

> This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court.  The factual allegations contained in the petitioner's motion and affidavit, and put in issue buy the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light.  Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection.

*Machibroda*, 368 U.S. 487, 494-495, 82 S.Ct. 510, 514.  Construing defendant's motion liberally, it appears he is entitled to an evidentiary hearing on the issue whether he directed trial counsel to file an appeal, and if so, whether counsel was ineffective in failing to do so.  A hearing will be scheduled by the undersigned on this claim of ineffective assistance of counsel.  This one issue is reserved for later determination.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant TOBY DEAN WEATHERLY be DENIED as to all claims except the allegation that counsel was ineffective for failing to file a direct appeal.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of April 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).